UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case: 1:18-cv-04958-JBW-SJB
MARLAND LINTON

                Plaintiff,                **THIRD AMENDED COMPLAINT**

   -against-                         PLAINTIFF'S DEMAND
                                                TRIAL BY JURY

THE CITY OF NEW YORK,
UC217,
UC 33,
DET. GERALD CUCCHIARA,
SGT. DANIEL NICOLETTI,
WILLIAM BUCHANAN,
BENJAMIN NELSON,
P.O. "JANE DOE" and
P.O "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiff(s).

                Defendants.
------------------------------------------------------------X

Plaintiff Marland Linton, by and through his attorney, Paul Hale, Esq. 26 Court St. Brooklyn, NY 11242, complaining of the Defendants, The City of New York, UC 217, UC 33, Det. Gerald Cucchiara, Sgt. Daniel Nicoletti, William Buchanan, Benjamin Nelson, Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of

a right, privilege and immunity secured to the Plaintiff by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiff's claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of Kings in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the actions of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## PARTIES

7. Plaintiff, Marland Linton, resides in the State of New York, and is a resident of the State of

New York.

8. At all times relevant to this action, Defendant UC217 was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

9. At all times relevant to this action, Defendant UC 33 was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

10. At all times relevant to this action, Defendant Det. Gerald Cucchiara was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

11. At all times relevant to this action, Defendant Sgt. Daniel Nicoletti was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

12. At all times relevant to this action, Defendant William Buchanan was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

13. At all times relevant to this action, Defendant Benjamin Nelson was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

14. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

15. The Defendant, City of New York, is a municipality in the State of New York and employs

the Defendant Police Officers.

16. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described above.

## FACTUAL BACKGROUND

17. On July 27, 2016 Mr. Linton was at arrested and jailed in Brooklyn, NY.

18. Mr. Linton was charged as part of a conspiracy to sell narcotics with three other individuals. (16-crim-551 S.D.N.Y)

19. Mr. Linton had nothing whatsoever to do with these charges.  Mr. Linton did not know any co-defendants.  Mr. Linton was not at the scene of any transactions.

20. Mr. Linton's arrest was entirely predicated on the false testimony of a NYPD Undercover officer – Defendant UC217.

21. The bulk of discovery in the criminal case was surrounding videos recorded by UC217 working in a joint NYPD/DEA task force.

22. During UC217's investigation, he observed a sale of narcotics between Jason Morrison, a co-defendant, and an unknown individual on June 27, 2016.  This transaction took place in front of 391 Decatur Street Brooklyn, NY.

23. Mr. Linton was not on any recording made of this transaction by UC217.

24. Upon information and belief, UC217 and the other defendants searched a NYPD database relating to 391 Decatur Street.

25. Upon information and belief, the search showed Mr. Linton used 391 Decatur Street as a mailing address at the time of a narcotics conviction in 2006.

26. This is the only connection that Mr. Linton had to UC217's investigation.

27. Mr. Linton had no connection to 391 Decatur Street for over a decade prior to his 2016 arrest.

28. Upon information and belief, the only fact UC217 used in identifying Mr. Linton as the unknown individual who was involved in a drug transaction was the fact his name was associated with 391 Decatur Street.

29. Upon information and belief, UC217 never performed a confirmatory or physical identification of Mr. Linton.

30. UC217 did not recover any pre-recorded buy money, narcotics, or any other contraband from Mr. Linton.

31. United States Attorneys conceded that Mr. Linton was not on the discovery provided during the criminal case.

32. Mr. Linton's trial was scheduled for the first week of January 2017.

33. In late November/early December 2016 more discovery in form of Cellbrite extraction reports from Mr. Linton's and his co-defendants' cellphones was received. The extraction reports discovered that:

    a. no calls or texts were recorded between Mr. Linton or either co-defendant; and

    b. GPS information did not correlate between Mr. Linton and his co-defendants.

34. Mr. Linton's criminal defense attorney, Aaron Goldsmith, Esq., informed the AUSAs of the findings and questioned as to what evidence was used to indict Mr. Linton and what they planned on using at trial.

35. The AUSAs told Attorney Goldsmith they would confer and get back to him. During the 2016 December holidays, the AUSAs notified Attorney Goldsmith that they were reviewing

the file to determine whether a "Nolle Prosequi" or "Differed Prosecution" would be issued to Mr. Linton. Both are formal declinations to prosecute.

36. As such, an emergency conference was arranged with the Court to jointly apply for Mr. Linton's release on a personal recognizance bond. That was done, and within a couple of days the decision was filed, Mr. Linton's case was dismissed and he was released.

37. Mr. Linton spent approximately six (6) months in Federal jail in Brooklyn MDC during the pendency of the case.

38. UC217 caused the arrest and prosecution of an entirely innocent man. As a result, Mr. Linton lost his liberty for 6 months.

39. Upon information and belief, UC217's partners, UC 33, Det. Gerald Cucchiara, Sgt. Daniel Nicoletti, William Buchanan, and Benjamin Nelson knew that UC217's identification and process for identification of Mr. Linton was seriously flawed and did not intervene in correcting the false identification.

40. Upon information and belief, UC 33, Det. Gerald Cucchiara, Sgt. Daniel Nicoletti, William Buchanan, and Benjamin Nelson participated in UC217's false identification of Mr. Linton.

41. Upon information and belief, UC 33, Det. Gerald Cucchiara, Sgt. Daniel Nicoletti, William Buchanan, and Benjamin Nelson knew that Mr. Linton was innocent.

42. Upon information and belief, UC 33, Det. Gerald Cucchiara, Sgt. Daniel Nicoletti, William Buchanan, and Benjamin Nelson knew that Mr. Linton identification process was not in line with police protocol and fundamentally flawed.

43. All officer/Defendants involved in the obviously false arrest of Mr. Linton had a duty to stop the arrest and prosecution of Mr. Linton. All officer/Defendants involved in the false arrest of Mr. Linton had a reasonable opportunity to intervene in the obviously illegal arrest. All

officer/Defendants involved in the false arrest of Mr. Linton did not intervene to stop the obvious illegal actions against Mr. Linton.

44. Furthermore, Mr. Linton was incarcerated for over 6 months and the officer/Defendants did not lift a finger to corroborate or further investigate the identification of Mr. Linton despite having amble opportunity to do so. Instead, they knowingly decided to let an innocent man sit in jail for six months.

45. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

46. The unlawful arrest of Plaintiff by defendants was intentional, malicious, reckless and in bad faith.

47. As a direct and proximate result of Defendants' actions, Plaintiff was arrested and detained without just or probable cause.

48. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

49. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

50. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including

Defendants in this case, to engage in unlawful conduct.

51. The actions of Defendants, acting under color of State law, deprived Plaintiff of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

52. By these actions, Defendants have deprived Plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

### AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants

53. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

54. By detaining and imprisoning Plaintiff, without justification, probable cause or reasonable suspicion, and assaulting them, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

55. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

56. As a direct and proximate cause of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

    A. Arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecutions; and

    C. Deprivations of liberty without due process of law.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**AS A SECOND CAUSE OF ACTION:**
**42 U.S.C Section 1983–Failure to Intervene in Violation of Fourth Amendment–**
**against all Defendants**

58. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

59. Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

60. The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

61. As a consequence of said defendants' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

62. Defendants, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing officers including defendants in this case, to engage in unlawful conduct.

63. The aforesaid event underlying plaintiff's factual allegations was not an isolated incident nor

was it isolated to these officers. The Defendants have been aware for some time, from lawsuits, notices of claim, complaints filed with the Inspector General, that a disturbing number of their officers unlawfully use excessive force against citizens and create charges in an effort to cover up their misconduct, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the defendants have allowed policies and practices that allow the aforementioned to persist.

64. All of the aforementioned has created a climate where officers lie to investigators in paperwork and charging instruments, and testify falsely, with no fear of reprisal.

65. The defendants are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

66. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

67. The Defendant Police Officers were present for the above-described incident and witnessed other Defendants' actions.

68. The Defendant Police Officers' use of police power against Plaintiff was unjustified under the circumstances yet the Defendants Police Officers failed to take any action or make any effort to intervene, halt or protect Plaintiff from being subjected to their actions by other Defendants Police Officers.

69. The Defendant Police Officers' violations of Plaintiff's constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

### AS A THIRD CAUSE OF ACTION:
*Monell* claim[1]

70. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

71. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

   **WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

---

[1] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988; and

4. Such other and further relief as this Court may deem necessary in the interest of justice.


Dated: Brooklyn, NY
       7/1/2019

By: _____/s/_____
Paul Hale, Esq.
26 Court St. Ste. 913
Brooklyn, NY 11242
(718) 554-7344